**Shirl D. SPRAGUE, Plaintiff-Appellant,**

v.

**CITY OF SPRINGFIELD, Missouri, et al., Defendants-Respondents.**

No. 12309.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 8, 1982.

Motion for Rehearing or to Transfer
to Supreme Court Denied
Oct. 22, 1982.

Application to Transfer Denied
Dec. 13, 1982.

David P. Vandagriff, Monett, John G. Newberry, Schroff, Glass & Newberry, P.C., Springfield, for plaintiff-appellant.

Howard C. Wright, Jr., Springfield, for defendants-respondents.

GREENE, Chief Judge.

This is an appeal from the judgment of the Circuit Court of Greene County affirming a decision of the Board of Trustees of the Policeman's and Fireman's Retirement Fund of Springfield, Missouri (Board) which denied plaintiff's, Shirl D. Sprague, application for duty related disability benefits.

Sprague had been a Springfield city fireman for about ten years when he filed his application. He contended that he had a medical disability due to chronic bronchitis, and that such condition was caused by on-the-job inhalation of smoke and noxious fumes. The Board held an informal hearing with Sprague not being present, considered the application and the medical reports of two doctors who had examined Sprague, and voted to reject the application. Sprague then requested a formal hearing, which request was granted.

A formal hearing was held, evidence was heard from five witnesses, including Sprague, and a number of exhibits, consisting primarily of reports of doctors who examined Sprague, were considered. The Board then entered an order denying Sprague's application for duty connected disability benefits. Sprague then filed a petition for review in the Circuit Court of Greene County contending that the order denying disability benefits was not supported by competent and substantial evidence, that the Board's conclusion that Sprague was not entitled to benefits was a misapplication of law in light of the facts, and that the order denying benefits was arbitrary, capricious, and unreasonable. Sprague also contended that he was denied a fair hearing before the Board for the reason that the Board was prejudiced against him for reasons unconnected with his disability claim, which included contentions that the Board members, at the time of the hearing, were aware that Sprague was accused of the crime of receiving stolen property, and of violating the city residency requirements for firemen, and that by reason of such knowledge de-

nied his disability claim with the purpose being to punish him for his alleged misconduct.

The trial court conducted a hearing, reviewed the transcript and evidence that the Board had considered on the disability issue, heard evidence and considered depositions and exhibits filed on the unfair hearing issue, and thereafter filed a memorandum opinion and judgment finding that Sprague had been granted a fair hearing before the Board, and that the Board's decision denying disability benefits was supported by competent and substantial evidence, was not arbitrary, capricious or unreasonable, and did not involve any abuse of discretion. The trial court's judgment affirmed the Board's order denying disability benefits. This appeal followed.

Sprague's brief filed here does not, in its points relied on, specify any claimed error by the trial court, or wherein or why any ruling of the trial court was erroneous, as required by Rule 84.04(d), V.A.M.R. Nevertheless, we review ex gratia, as the record is relatively brief and the issues are not complex. Although it is difficult to determine what Sprague's position is, even after seining the argument portion of his brief, we conclude that he is claiming 1) the trial court erred in finding Sprague received a fair hearing, and 2) there was a statutory presumption that Sprague's bronchitis was duty related, and that the Board's evidence did not overcome the presumption.

The trial court, in addressing both of these questions in a nine page memorandum (see appendix), concluded that Sprague received a fair hearing, and that the Board's determination that Sprague was not entitled to disability benefits should be affirmed.

█ We have reviewed the record, weighed the evidence and determined the facts, as this case did not involve exercise of administrative discretion by the Board in light of the facts. § 536.140.3, RSMo 1978 and *Bergman v. Board of Trustees of Fireman's Retirement System of St. Louis,* 425 S.W.2d 143, 146–147 (Mo.1968). After do-

ing so, we adopt the findings of fact and conclusions of law found by the trial court. Competent and substantial evidence in this case establishes conclusively that the Board proceedings were conducted fairly and properly, and that the evidence before the Board overcame the presumption that plaintiff was suffering from a duty connected disability.

The Board's order denying disability benefits to Sprague is supported by competent and substantial evidence, is not against the weight of the evidence, and did not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The judgment is affirmed. Rule 84.-16(b)(4), V.A.M.R.

All concur.

### COURT'S MEMORANDUM

#### *Issue Of Alleged Unfairness Not Shown On The Record*

1. The Board's action in denying plaintiff's claim for disability retirement benefits is a final decision under Chapter 536, RSMo 1978.

2. Under ¶ 536.140–4, which provides that the court may hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown in the record, the court has heard and considered evidence of alleged unfairness by the agency not shown in the record.

3. Plaintiff contends that there is evidence that the board members were exposed to a great deal of extraneous and prejudicial information about plaintiff which is not in the record of the board hearing. Plaintiff asks that the court determine for itself whether the board members were likely influenced by the information they received.

4. The court has determined for itself whether the board members or any of them were likely influenced by the information mentioned by plaintiff. The court determines that they were not likely influenced by the information they received.

5. The court has considered *Jones v. State Department of Public Health and Welfare*, Mo.App., 354 S.W.2d 37, dealing with what is meant by a "fair hearing" and *Fitzpatrick v. St. Louis-San Francisco Railway Co.*, Mo., 327 S.W.2d 801, both cited by plaintiff, and *Mitchell v. City of Springfield*, Mo.App., 410 S.W.2d 585, cited by defendants, which is persuasive that the court should deny the plaintiff's contention that he did not receive a fair hearing.

6. Plaintiff produced no proof that any member of the board had any preconceived notions and considerations that were considered but should not have been considered in the board hearing on June 27, 1980. The evidence at trial in this court and the record of the board proceedings is persuasive that the board proceedings were conducted fairly and properly and that plaintiff was not denied any procedural or other rights to which he was entitled. Plaintiff has not caused the court to believe the contrary.

#### *Nature Of Court Review In This Case, Which Does Not Involve Exercise Of Administration In Light Of The Facts*

7. Under ¶ 536.140–3 and *Bergman v. Board of Trustees of Firemen's Retirement System of St. Louis*, Mo., 425 S.W.2d 143, the court has, as requested by plaintiff, weighed the evidence for itself and determined the facts accordingly, since (as contended by plaintiff and not denied by defendants) this case does not involve exercise by the board of any administrative discretion in light of the facts. In doing this, the court has, in accordance with ¶ 536.140–3 and Bergman, given due weight to the opportunity of the board to observe the witnesses and go to the expertness of the board.

8. In Bergman, the court said that after the facts are determined, the claimant either is or is not entitled to the increased pension benefits as a matter of law and, therefore, "in determining whether the action of the Board of Trustees is supported by competent and substantial evidence, this court may weigh the evidence and determine the facts accordingly, subject to the

above rule (in ¶ 536.140) of deference to the extent appropriate under the circumstances". In its concluding paragraph, Bergman states that when the court reviews and weighs the evidence in the case and thereby determines the facts, it is forced to find the facts to be as found by the board (with exception not relevant here). The court stated that a finding to the contrary would be based on speculation and conjecture and would be contrary to what the court considered to be the competent and substantial evidence in the record. The court's ultimate conclusion was that the board's action was "consistent with the facts as we have found them, and is supported by competent and substantial evidence upon the whole record". This court decides this case within the scope of review as set forth in Bergman.

### Issues of Disability And Causation

9. Plaintiff had the burden of proving that he is disabled and that his disability directly resulted from his occupational duties, under Section 29–26 of the City Code. Section 29–1 defines "disability".

10. Plaintiff contends that the doctors completely agree that he suffers from lung disease which prevents him from performing the occupation of fireman. On this, he submits a resumé of the medical evidence. The doctors apparently all agree that it is advisable that plaintiff not be employed as a firefighter.

11. The evidence is not clear, however, as to whether, if plaintiff ceased smoking, his condition would improve to the extent that he would not be disabled from performing the labor or occupation of firefighter within the meaning of "disability" under Section 29–1.

12. Plaintiff says the main issue is whether or not plaintiff became "disabled as a direct result of the occupational duties, including but not limited to accidents or hazards peculiar to the employment", as set out in Section 29–26.

13. Plaintiff urges that plaintiff is entitled to the presumption raised by Section 87.006, RSMo 1978. The court concludes that the examination by Dr. Fogerson in 1979 was, within the meaning of § 87.006, "a physical examination" which "failed to reveal any evidence of such conditions". The court has considered *McCarthy v. Board of Trustees,* Mo.App., 462 S.W.2d 827, 831, where the court stated that the statutory inference is logical only if the physical examination made and passed would, with reasonable medical certainty, show the absence of lung disease. Dr. Fogerson's examination of 1979 was meant to be, and the evidence shows it was, designed to reveal the presence or absence of lung disease. This is reasonably inferable from the fact that the examination was on a firefighter and would normally be expected to reveal the presence of a condition of impairment of health caused by any disease of the lungs or respiratory tract within the meaning of Section 29–1 defining disability. It is inferable that Dr. Fogerson, as a medical expert, fulfilled her function and duty by using reasonable medical diagnosis procedures for determining this question just as she would in the case of any firefighter, in order to determine, out of fairness to him and the City, the presence or absence of such impairment. The purpose of the examination was to determine his fitness as a fireman. Dr. Fogerson's reports are in the exact words of the statute which creates the presumption. This indicates that she was sensitive to ¶ 87.006 and to the importance and significance of her report in light of ¶ 87.006.[1]

1. The court recognizes that there was substantial evidence before the board and at trial in this court that the examination done by Dr. Fogerson on November 16, 1979, would not, with reasonable medical certainty, have revealed the absence of chronic bronchitis or the absence of chronic obstructive pulmonary disease. She stated that there would have been no way that she would have ordinarily expected in the medical field to detect chronic bronchitis when she examined plaintiff in November, 1979. Plaintiff testified that the five-year examination on November 16, 1979 was one in which they "run you through" pretty rapidly and the doctor did not try to question him in regard to his then condition or invite him to make comments about it, his answer being "totally not". He testified at one point that he

14. McCarthy says that the statutory inference is logical only if the physical examination made and passed would, with reasonable medical certainty, show the absence of heart disease. In the case at bar, it would have to show with reasonable medical certainty the absence of lung disease. McCarthy is factually distinguishable, but is some support for defendants' position. The court noted that the patient was not complaining of symptoms indicative of heart disease and the examination was not directed toward the presence or absence of heart disease and the doctor acknowledged if he were examining a patient who had come to him about a heart problem, he would require x-ray and E.K.G. examinations.

15. The court believes that an application of McCarthy in this case would be unfair, for the reasons mentioned above. The statute would not necessarily be inapplicable merely because the patient did not complain of symptoms indicative of lung disease. It is not reasonable to believe that Dr. Fogerson, faced with the duty of making an important examination for purpose of fitness for firefighter's duty, did not use reasonable medical care and diligence. Nothing in the record shows that she could not have determined the absence of lung disease in her examination, except her testimony, which the court does not believe should be, in itself, determinative of the issue of whether the statutory presumption applies.

■ 16. The ordinance does not require plaintiff's duties to be the sole cause of his disability but only that his disability be the direct result of his duties. There must be a showing of a direct, but not necessarily sole, causal connection between his duties and his disability. *Mitchell v. City of Springfield*, Mo.App., 410 S.W.2d 585; *Bergman*, supra, l.c. 147.

17. Plaintiff urges that the court should review the record as a whole and that plaintiff is entitled to rely upon evidence presented by defendants as well as his own.[2] The court agrees. However, the same applies to the defendants. The court must consider all of the evidence, including that presented by plaintiff that is favorable to defendants for purpose of deciding the issues presented for this court's review.

18. Defendants contend that plaintiff's evidence was insufficient to make his case as matter of law and that even if he made a case, there is still competent and substantial evidence to support the board's decision. In support of this, they note, among other things in the record of the board hearing:

(a) Plaintiff testified that he did not recall exactly when he developed the alleged breathing difficulties mentioned in his application;

(b) Plaintiff never made any oral or written complaints about any smoke inhalation problem. The department records showed no accident reports involving smoke inhalation of any type or any injury involving smoke inhalation. Plaintiff made no formal complaints of breathing problems to any of his supervisors;

(c) Plaintiff was able to perform his duties and did so without any apparent sign of an accident, sickness or injury;

(d) Dr. Kahlial noted plaintiff's history of smoking and concluded that plaintiff had only a mild and permanent disability and then stated that he did not think it is related to his job but to his longstanding smoking habit;

(e) Dr. Coulter's opinion that plaintiff's condition had improved since plaintiff was examined by Dr. Lurie in February to the point there was no showing of

---

estimated that the examination took "2 minutes maybe".

**2.** Defendants' attorney objected at the board hearing to plaintiff's Exhibits B, C and D on the ground that they were hearsay, violated the best evidence rule and are incomplete records. Considering the entire record and § 536.070, RSMo 1978, which modifies the best evidence

rule in administrative cases, the court believes that the said exhibits were properly before the board. It was for the board to weigh them and the court assumes that it properly did this. The court has given them weight in arriving at its decision based on the record before the board and the evidence introduced at trial in this court.

significant small airway obstruction, and that cigarette smoking is the leading cause of chronic bronchitis and people who stop smoking will generally experience a return to normal on pulmonary function studies being made;

(f) Dr. Fogerson's opinion that the most logical explanation of plaintiff's condition was his smoking; [3]

(g) Dr. Bailey's opinion that if a person stops smoking, he will have significant improvement (defendants suggest, in this connection, that it is within diagnostic and volitional reasonable confines for a patient to do without smoking for a long enough period of time to see if it will solve his difficulty and, when he does not do this, there is an inference that his condition allegedly connected with his firefighting duties is caused solely by the smoking);

(h) Dr. Coulter's letter of June 12, 1980 stating that he finds no evidence of "significant pulmonary disability";

(i) All of the doctors agreed that a person who smoked to the extent that plaintiff did could reasonably expect to have chronic bronchitis;

(j) Plaintiff's complaint to Dr. Fogerson of short windedness on exertion which he thought was related to a bronchitis acquired by snow shoveling at work the winter before.[4]

19. Defendants urge, therefore, that the board had evidence to support its decision on the basis that plaintiff was not disabled within the meaning of the City Code and that there is competent and substantial evidence in the record to support the board's finding that plaintiff was not disabled as a direct result of the occupational duties including, but not limited to, either an accident or hazard peculiar to his employment as a firefighter and the board's conclusion of law that plaintiff is not entitled to a duty connected disability under Section 17 of the Code.

20. Defendants cite *Fischer v. Levitt* [65 A.D.2d 858], 410 N.Y.Supp.2d 378, in which the court ruled that the retirement systems experts' conclusion that there was no apparent work-related cause for the claimant's vascular disease and there was also evidence that he was diabetic and had been a heavy smoker and slightly overweight (all high-risk factors) constituted competent and substantial evidence to rebut the statutory presumption. The case is distinguishable on its facts but lends some weight to the position of defendants.

21. Plaintiff argues that even if his condition is "mild" (as stated by some of the examining doctors) it could still be a disability within the meaning of the ordinance. This is probably true, but the degree of "mildness" was one for the board to weigh and it could have reasonably found that the condition was mild to the extent that it would not have been disabling either in itself or as aggravating the condition plaintiff had occurred by his smoking.

22. In answer to the board's contention that smoking is *the* (sole) cause of plaintiff's condition, plaintiff cites *Vlasak v. Al-*

---

**3.** Dr. Fogerson, at several points, testified that it is difficult, if not impossible, to tell the exact cause of the conditions a doctor observes and that it would not be possible for her to tell exactly what was causing the disease and "it's virtually impossible to tell from your clinical observations what the cause is" and there is in fact a cause and effect relationship between smoking and bronchitis. She gave her opinion that plaintiff does not have a disability in the sense of being unable to work and that cessation of smoking is associated with improvement in ventrilatory function and decrease in pulmonary symptom prevalent.

**4.** Plaintiff testified that he did not recall having told Dr. Fogerson in January, 1980 that he had

bronchitis from shoveling snow but plaintiff did not dispute that he did make such statement to her. This is another bit of evidence on which the board can reasonably rely in reaching their conclusion. This is because it indicates that such condition as plaintiff had could have been caused by shoveling snow which was not shown by the evidence to be a duty connected labor. Captain Sam Pigg testified that plaintiff, when they were checking equipment because wintertime was coming on, said that if he shoveled "it always happens". Captain Pigg later testified that plaintiff had indicated that when he shoveled snow, he came down with bronchitis and felt that "this was the reason for it".

*ternative System of Police Retirement Systems,* Mo.App., 435 S.W.2d 726, involving aggravation of an arthritic condition by a jarring automobile accident. There is some analogy but there is not medical proof that plaintiff's exposure to the environment of a firefighter actually did aggravate whatever condition he had as a result of smoking. Compare Bergman.

23. The board had the duty to, and presumably did, weigh all of the evidence produced at each hearing. The board's ultimate conclusion was not unsupported by competent and substantial evidence upon the whole record (¶ 536.140–2(3)). Neither its conclusion nor any of its procedure was arbitrary, capricious or unreasonable (¶ 536.140–2(6)). Nor did it involve any abuse of discretion (¶ 536.140–2(7)). As recognized by the parties, the question was whether plaintiff, under Sec. 20–26, became "disabled *as the direct result of* occupational duties, including but not limited to accidents and/or hazards peculiar to the employment." [5] The board could reasonably have concluded, from competent and substantial evidence (medical expert opinions and lay testimony), that plaintiff did not carry his burden of proof on this central issue.

24. The court finds that there is no competent and material evidence which, in the exercise of reasonable diligence, could not have been produced or was improperly excluded at either of the hearings before the board within the meaning of ¶ 536.140–2(4). The court, therefore, has no reason or power to remand the case to the board with directions to reconsider the case in light of any such evidence.

25. The court concludes that the board's determination and action should be affirmed.

## JUDGMENT

The board's order made on July 9, 1980 is hereby adjudged affirmed. Costs are taxed against plaintiff.

---

5. On this, the court has noted the various terms used in Chapter 87 (e.g., "suffered in line of duty" (87.005, 87.006, 87.050); "disease contracted by reason of his occupation" (87.045–1, 87.050); "disabled in the service" (87.380); "disabled by reason of age or service" (87.435); "contracted disability in the service" (87.435); "disabled by reason of service" (87.455).